**IOWA NATIONAL MUTUAL INSURANCE CO., Plaintiff,**

v.

Margaret Inez DAVIS, Norma Davis Pierce, by her guardian ad litem, J. E. Lyon, Boyd Jeremiah Pierce, Jr., by his guardian ad litem, J. E. Lyon, Ann Hughes Meyerhoffer, Patricia Meyerhoffer, by her guardian ad litem, Ben L. Herman, Jenny Meyerhoffer, by her guardian ad litem Ben L. Herman, James Lester Fields, by his guardian ad litem, Percy L. Wall, James Eugene Fields, Dalton Charles Coe, by his guardian ad litem, Percy L. Wall, and George W. Smith, Defendants.

**Civ. No. 1078.**

United States District Court
M. D. North Carolina
Greensboro Division.
May 17, 1957.

Jordan & Wright, Greensboro, N. C., for plaintiff.

Percy L. Wall, Greensboro, N. C., D. C. MacRae, J. V. Morgan, High Point, N. C., for defendants.

HAYES, District Judge.

The plaintiff here seeks a declaratory judgment to the effect that it is not liable to any of the defendants on a policy of liability insurance issued by it to Margaret Inez Davis on a 1956 Oldsmobile. This car was involved in a three car collision on August 6, 1956, while being operated by Boyd Pierce, son-in-law of Mrs. Davis, and each of the defendants is financially interested in the subject matter, and a genuine controversy exists. Jurisdiction is conceded.

Mrs. Davis was unable to obtain any insurance and was required to apply for a policy under the "Assignment Risk" plan prevailing under the law of North Carolina. Each Company doing business in this state is required to write its pro rata portion of such risks. An insured is not entitled to have such a policy nor is a Company authorized to write it under this plan until the applicant has tried and failed to get insurance otherwise. When such a risk is assumed, the Company is compelled to renew it for an additional year except for causes immaterial here.

The original policy was issued to the named insured, Margaret Inez Davis, under that plan, on one 1953 Oldsmobile and one 1952 Oldsmobile which was driven exclusively, according to the application, by her daughter Norma Jean, who was 17 years old who resided in the home and attended school. This policy was written in 1955 and renewed in May 1956.

The parents decided to make her a gift of a new car for a present on account of her graduation and wedding, occurring about June 1, 1956.

The new Oldsmobile was purchased by turning the 1952 Oldsmobile which had been purchased by Mr. Davis and put in the name of Mrs. Davis and by Mr. Davis paying the difference in cash.

The invoice to the new car was made to Norma Jean Davis, the title was put in her name and she took out in her name theft and collision insurance in another Company. In order to collect on that policy for the total destruction of the car she and her parents represented to that Company that she was the sole owner of that automobile and collected $3,353.60.

After the renewal policy was issued on May 18, 1956, on the same cars named in the first policy, Norma Jean, on May 30, 1956, made oath to her application for certificate of title that the 1956 Oldsmobile was owned by her. She never applied for liability insurance on the car nor had she been denied insurance by any Company. She wasn't eligible for a policy on the "Assigned Risk" plan. However, on June 4, 1956, Flythe Insurance Agency which handled Davis' insurance matters, wrote plaintiff to issue an endorsement on the policy eliminating the 1952 Oldsmobile and to add 1956 Oldsmobile which was correctly identified by serial and motor numbers, and the letter stated: "The above vehicle is registered in the name of Margaret I. Davis and daughter Norma Jean (age 18)." The endorsement was made as requested except it did not add the name of Norma Jean Davis. The statement that it was registered in the name of Margaret I. Davis was untrue and the endorsement would not have been issued had the plaintiff known Margaret Inez Davis (the only named insured) was not one of the registered owners of the car. 5A Amer. Juris 17.

The endorsement was mailed to Flythe Insurance Agency with the request to forward it to the insured. It is significant now to note that Flythe Insurance Agency was not, nor had it ever been, the

agent of the plaintiff. It did have the agency for Etna which declined to insure Mrs. Davis resulting in the "Assigned Risk" plan. If this agency had been the agent of the plaintiff, the doctrine of waiver and estoppel would be involved. Cowles v. Ohio Farmers Ins. Co., 4 Cir., 242 F.2d 73.

When the endorsement reached the agency and was forwarded by it to Mrs. Davis showing that she alone was covered, it became their duty to act instead of acquiescing by accepting it without further notice to plaintiff. Had Mrs. Davis been the registered owner the new car substituted for the old one would have been covered by subsection (4) of Article IV of the policy. Item 7 of the policy states that the named insured is the sole owner of the automobile. Article III defines insured to include the named insured and the spouse and anyone using it with the permission of either.

Norma Jean Davis was the sole owner of the 1956 car with the title thereto registered in her name. She also was in the possession and control of the car. When she married Boyd Pierce on June 16, 1956, she left the household of her parents, went off on a honey-moon, using this car and upon their return to High Point lived in a separate home. She let her husband drive the car and it was with her permission that he was driving it at the time of collision. The ownership legal or equitable, had to vest in some person, and could not float around in the name of Norma Jean for the purpose of collecting the collision insurance and be found in Mrs. Davis who was the named insured in the liability policy to protect against liability.

There is no evidence to support a finding that Mrs. Davis had any ownership, legal or equitable, in the 1956 Oldsmobile at the time the title was issued to Norma Jean nor at any subsequent time. She did not have any possession or control over it, but her daughter did own, possess and control it; and the insurance policy, in order to protect her and to avail any of the defendants, should have named her as the insured.

The policy does not cover Margaret Inez Davis because she neither owned nor had an insurable interest in the 1956 Oldsmobile. It does not afford protection to Norma Jean Davis (Pierce) as she was not the named insured. Boyd Pierce was not driving the car at the time of the accident with the consent or permission of the named insured. The plaintiff is therefore under no duty by virtue of the policy to defend any action growing out of the accident occurring on August 6, 1956, nor is plaintiff liable under said policy to any person sustaining any damages in said accident.